VINCENT et al., Respondents, v. HARDIN et al., Appellants.

(161 N. W. 613.)

(File No. 3993.    Opinion filed March 5, 1917.)

1. **Redemption—Redemption from Foreclosure—Authorized Redemption Through Attorney—Who Furnished Money?—Immateriality.**

   A redemption from a lien foreclosure sale of realty, made in the name of a redemptioner by his duly authorized attorney, was valid, regardless of the fact that such redemption was in no manner beneficial to; the redemptioner himself; the sole question that could be raised to impeach the redemption being, whether the redemptioner authorized the redemption; if he did, it was immaterial as to who furnished the money with which to redeem.

2. **Partition—Partition Between Co-tenants, Possession as Condition to—Possession by Some, for all Co-tenants—Statute.**

   Under Code Civ. Proc., Sec. 587, providing that when several co-tenants hold and are in possession of realty as joint tenants, etc., in which one or more of them have an estate of inheritance, etc., an action may be brought by one or more of them for partition, held, that while it was the rule of common law and in chancery that compulsory partition could not be had where the estate held by co-tenants was not one in expectancy, also that title could not be determined in such action; yet by statute (Code Civ. Proc., Chap. 27) authority is given to try the title in such action. Therefore, even if there be an adverse holding by the one in actual possession, even if there has been an actual ouster by such party, it does not bar the right of

partition by the one out of possession; since one seeking partition as co-tenant may and must, if his co-tenancy is denied, establish co-tenancy, and when so established co-tenancy supports partition relief as though it had never been disputed. But **held**, further, that said statute requires that the co-tenancy be one in presenti, or as termed, one in "possession," and must be one in which possession, actual or constructive, has been taken by such co-tenants, through one or more of them; and the possession of even one co-tenant is, under said statute, the possession of all co-tenants, regardless of whether co-tenancy is acknowledged by him in possession.

Polley, J., taking no part herein.

Appeal from Circuit Court, Lawrence County. Hon. JAMES McNENNY, Judge.

Action by Hobert S. Vincent, John R. Jones, and Norman T Mason, against Charles S. Hardin, Elizabeth Hardin, and William Louis Hardin, for partition of realty. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Reversed.

*Robert C. Hayes,* and *John T. Heffron,* for Appellants.

*Eben W. Martin,* and *Norman T. Mason,* for Respondents.

(1.) To point one of the opinion, Appellants cited: Sections 1121, 1122, Wiltsie on Mortgage Foreclosure; Freeman on Execution, 2nd Edition, Chap. 23, Par. 314; 27 Cyc. page 1812; Phyfe v. Riley, |N. Y.) 15 Wend. 248, 30 Am. Dec. 55; Nichols v. Tingstad, (N. D.) 86 N. W. 697; Bush v. Walker, (Ky.) 6 S. W. 717; Squire v. Wright, 48 N. W. 286.

Respondent cited: Teuncher v. Hyat, et al., 23 Iowa, 527; People v. Jones, 17 Cal. 476; Hardin v. Kelley, 144 Fed. 354 (C. C. A.); 17 Cyc. 1334; 27 Cyc. 1812, 1835; McGregor v. Pierce, 17 S. D. 51, 95 N. W. 281; Millard v. Truax, 15 N. W. Rep. 502 (Mich.); McDonald v. Beatty, 88 N. W. 283, (N. D.)

(2.) To point two of the opinion, Appellants cited: Code Civ. Proc., Sec. 587; Wells v. Sweeney et al., (S. D.) 94 N. W. 394; 15 Pl. & Pr. 784.

Respondents cited: 38 Cyc, 21-3; 30 Cyc. 191, 182-3, 192, and cases cited; Rev. Code Civ. Proc., Sec. 594; Adams v. Hopkins, 144 Cal. 19, 77 Pac. 716; Varni v. Devota et al., (Cal.) 101 Pac. 934.

WHITING, J.   Plaintiffs, claiming to be the owners of an undivided 65-90 interest in certain lands, brought this action

againt the defendants whom they alleged to be the owners of the remaining 25-90 interest in said lands, and sought a judgment decreeing a partition of such land. The defendant Charles S. Hardin claims to be the owner of this 65-90 interest in said lands as well as of an 11-90 interest which plaintiffs concede him to be the owner of. Hardin seeks to have the title to said 65-90 interest quieted in him. Plaintiffs, replying, denied the title claimed by defendant Hardin to said 65-90 interest. The judg-men of the trial court was in favor of the plaintiffs, and, from such judgment and an order denying a new trial, this appeal was taken.

But two questions demand our attention upon this appeal: First, the validity of a redemption from a foreclosure sale; and, second, the question of whether respondents had such possession as authorized them to bring an action for partition. It appears that one McCutchen was the owner of this 65-90 interest in said lands, and that the appellant Charles S. Hardin, in order to save his own interest in said lands, had been required to redeem the whole thereof from some mortgage lien and had afterwards brought action against McCutchen to enforce an equitable lien against McCutchen's interest for McCutchen's proportionate share of the amount paid. Hardin recovered a judgment; a sale was had thereunder and Hardin became the purchaser of this 65-90 interest at such sale. Upon such sale the lands were sold in separate tracts. The right of redemption expired on May 18, 1914. On May 16th McCutchen, who was a nonresident of this state and who acted through his attorney, the respondent Mason, redeemed a part of said lands from such sale. No question is raised as to this redemption. Upon the 18th day of May the said attorney, acting in the name of the said McCutchen, tendered the money for the redemption of the remaining tracts of land from such sale. Believing this money tendered to be the money of McCutchen, the said Hardin accepted the same and a certificate of redemption was issued by the sheriff. Thereafter McCutchen quitclaimed said land to one of the respondents, and this respondent conveyed an interest therein to his corespondents. It is the contention of appellants that this purported redemption was invalid, being a redemption made in fact on behalf of the

respondents themselves, who, at the time, had no interest in said land, and therefore no right to redeem same from such sale.

[1] There is no merit in appellants' position. McCutchen had an absolute right to redeem this land, and an absolute right to auth·orize any one to redeem the same in his name, and this regardless of the fact that such redemption was in no manner to benefit himself. The sole question that could possibly be raised to impeach such redemption was whether or not McCutchen did authorize the redemption. If he did, it was absolutely immaterial as to who furnished the money or as to what McCutchen expected to do with this land after the incumbrance had been removed therefrom. What his agreement was, if there was any, with the parties who furnished the money, and whether such agreement, if there was one, was one binding upon him, is a matter foreign to appellants' rights. That McCutchen did authorize such redemption is established beyond all question.

[2] Appellants insist that, in order for respondents to bring this action for partition, it was necessary for them to be in possession of the land, and they cite section 587, C. C. P. This section reads:

"Sec. 587. When several cotenants hold and are in possession of real property as partners, joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, an action may be brought by one or more of such persons for a partition thereof, according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appear that a partition cannot be made without great prejudice to the owners."

It certainly would be an anomalous situation if one who was acknowledged or adjudged to be a cotenant of another in a piece of land could not recover judgment in an action for partition merely because he was out of actual personal possession. In fact if he was out of actual possession, and such possession was held by those who were his cotenants in fact, but who held adversely to him and denied the cotenancy, it would seem that there would be sufficient reason not only for an action to determine title, but especially for him to have his portion set off so as to end such unnatural cotenancy. What, then, does section 587, supra, mean when it says that:

27—Vol. 38, S. D.

"When several cotenants hold and are in possession of real property * * * an action may be brought by one or more of such persons."

It was the rule at common law and in chancery that compulsory partition could not be had where the estate held by the cotenants was one in expectancy; also that title could not be determined in such action. By statute (chapter 27, C. C. P.) we have authorized the trying of title in such action. It therefore follows that, even if there be an adverse holding by the one in actual possession, even if there has been an actual ouster by such party, it cannot logically be a bar to a right of partition by the one out of possession because in the action wherein he seeks partition as a cotenant, he can and must, if his cotenancy is denied, establish the cotenancy. When so established the cotenancy supports the partition relief exactly as though the cotenancy had never been disputed. But under our statute the estate in which the cotenancy is claimed and adjudged must not be one in expectancy, but one presently existing, or, as it is termed, one in "possession," and it must be one in which possession, actual or constructive, has been taken by such cotenants through one or more of them. When there is such possession, even though it be by but one cotenant, such possession, for the purposes of section 587, supra, is the possession of every one who in fact is a cotenant, regardless of whether such cotenancy is acknowledged by the one so in possession. That the appellants were in actual possession is not disputed. It is therefore not necessary for us to determine whether respondents held possession other than through appellants.

The judgment and order appealed from are affirmed.

POLLEY, J., taking no part herein.